DICKSON, Justice,
dissenting.
As the parties moving for summary judgment, it was the defendants' burden to establish the absence of any genuine issue of material fact on a determinative issue, specifically here: whether Kuhn exceeded the privilege by making her statement to police without belief, or grounds for belief, in its truth.
Evidence before the trial court on summary judgment included Kuhn's assertion that she recognized Holcomb as a regular customer (contrary to Holeomb's claim that he had never before been in the store or the county), store records and receipts indicating that the gasoline allegedly stolen by Holcomb was not pumped until after Holcomb drove away, and facts suggesting that Kuhn did not contact police *109 until an hour after the alleged theft of gasoline.
Such evidence raises at least two factual possibilities that preclude summary judgment: (1) Kuhn's report to police was made with reckless disregard of the truth, or (2) the stolen gasoline was mistakenly or intentionally pumped by Kuhn or by a third party, and Kuhn intentionally and falsely reported Holcomb as the culprit. In either event, Kuhn would have exceeded the privilege by making her statement to police without belief, or grounds for belief, in its truth.
Because of the existence of genuine issues of material fact, I believe that the trial court incorrectly granted the defendants' motion for summary judgment. For these reasons, I respectfully dissent.
RUCKER, J., concurs.